# EXHIBIT
# "A"

C　　　# 1719229

Received

MAY - 2 19

SOP TRC

by V. Marta
11:40A

STARK & STARK
A Professional Corporation
993 Lenox Drive, Bldg. 2
P.O. Box 5315
Lawrenceville, NJ 08648-2389
609-896-9060
Attorneys for Plaintiff, Rialto-Capitol Condominium Association, Inc.

| | |
|---|---|
| RIALTO-CAPITOL CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> BURLINGTON INSURANCE COMPANY and SCOTTSDALE INSURANCE COMPANY <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION/HUDSON COUNTY <br><br> DOCKET NO. HUD-L-001389-19 <br><br> CIVIL ACTION <br><br><br> SUMMONS |

From The State of New Jersey:
To The Defendants Named Above:　Scottsdale Insurance Company

　　　　The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/ prose/10153_deptyclerklawref.pdf.) If the attached Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the Plaintiff's attorney whose name and address appear above, or to the Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

　　　　If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ *Jennifer M. Perez*
JENNIFER M. PEREZ
Clerk of the Superior Court

Dated: April 23, 2019

Name and address of defendant to be served:

Scottsdale Insurance Company
8877 N. Gainey Center Drive
Scottsdale, Arizona  85258

NOTE:  The Case Information Statement is available at www.njcourtsonline.com.

**STARK & STARK**
A Professional Corporation
993 Lenox Drive
Lawrenceville, New Jersey 08648
John Randy Sawyer ID#016401998
(609) 896-9060
Attorneys for Plaintiff the Rialto-Capitol Condominium Association, Inc.

| | |
|---|---|
| **RIALTO-CAPITOL CONDOMINIUM ASSOCIATION, INC.,**<br><br>Plaintiff,<br><br>-vs-<br><br>**BURLINGTON INSURANCE COMPANY** and **SCOTTSDALE INSURANCE COMPANY,**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CIVIL PART<br>HUDSON COUNTY<br><br>DOCKET NO. HUD L- 0 0 1389-1<br><br>Civil Action<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff, the Rialto-Capitol Condominium Association, Inc., a New Jersey Non-Profit Corporation, having its principal office c/o FirstService Residential, 4 Beacon Way, Jersey City, New Jersey 07304 (hereafter "Plaintiff" or "Association"), by way of Complaint against the above-referenced Defendants, does hereby aver and allege as follows:

## PARTIES

### A.    Plaintiff

1.    The Association is a New Jersey non-profit corporation organized under Title 15A of the laws of the State of New Jersey (N.J.S.A. § 15A:1-1 et seq.) pursuant to a Certificate of Incorporation filed in the Office of the Secretary of State and a certain Master Deed recorded with the Clerk's Office, Hudson County, New Jersey.

STARK & STARK
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON 08543-5315

### B.     Defendants

2.     Defendant Burlington Insurance Company ("Burlington"), with a principal

place of business located at 238 International Road, Burlington, North Carolina 27215, is

an insurance company licensed and/or authorized to do business in the State of New

Jersey and/or which have, within the time periods relevant to this litigation, transacted

business in the State of New Jersey, by engaging in a series of acts within the State for

the purpose thereby of realizing pecuniary benefit, including contracting to supply

services in New Jersey and to insure persons, property or risks located within New

Jersey.

3.     Defendant Scottsdale Insurance Company ("Scottsdale"), with a principal

place of business located at 8877 N Gainey Center Drive, Scottsdale, Arizona 85258, is

an insurance company licensed and/or authorized to do business in the State of New

Jersey and/or which have, within the time periods relevant to this litigation, transacted

business in the State of New Jersey, by engaging in a series of acts within the State for

the purpose thereby of realizing pecuniary benefit, including contracting to supply

services in New Jersey and to insure persons, property or risks located within New

Jersey.

### FACTS COMMON TO ALL COUNTS

4.     The Jersey City Medical Center operated on an approximately 13 acres

campus in Jersey City from 1928 until 2003. The campus included several brick-clad

buildings constructed in the art-deco style. Because of the campus' unique history and

architecture, many of the buildings at the site were registered as historic landmarks.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, 0R543-5315

2

5.     In 2005, Developer Baldwin Asset Associates Urban Renewal Company, LLC purchased the Jersey City Medical Center campus for the purpose of developing a large residential and commercial development project commonly known as The Beacon Community (the "Beacon").

6.     The first phase of construction of the Beacon included construction of the Rialto-Capitol Condominium.

7.     The Rialto-Capitol Condominium is comprised of 315 condominium units in two adjacent, connected high-rise buildings - the Rialto Building and the Capitol Building.

8.     The Rialto Building is a 22-story structure that contains 164 residential condominium Units. The Capitol Building is a 21-story structure that contains 151 residential condominium Units (together referred to as "the Rialto-Capitol Condominium buildings").

9.     The Association was formed to administer, manage, and operate the common elements and the common affairs of the Rialto-Capitol Condominium buildings.

10.     After receiving control of the common elements of the Rialto-Capitol Condominium from the developer pursuant to the terms of the New Jersey Condominium Act, the Association retained an engineering firm, Berman & Wright, to investigate the condition of the exterior facades of the buildings.

11.     As a result of those investigations, the Association become aware of extensive deficiencies in the design and construction of the common elements of the Rialto-Capitol Condominium caused by the Developer and its contractors and design professionals, including, but not limited to, defects in the repair and rehabilitation of the

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON 08543-5315

buildings' exterior brick facades that have resulted in significant water intrusion and damage.

12.     The Association's experts ultimately issued a nine volume expert report detailing the significant defects in the exterior facades of the buildings and the extensive interior damage resulting therefrom, as well as a cost to cure damages report setting the Association's damages at approximately $113,000,000.00.

13.     The Association filed suit in October, 2013, against the Developer and other parties responsible for the construction deficiencies ("Lawsuit").

14.     CCC Renovation, Inc. ("CCC Renovation") was a façade contractor hired to perform repair and rehabilitation work to the exterior brick facades of the two high-rise buildings that comprise the Rialto-Capitol Condominium.

15.     CCC Renovation was named by the Association as a defendant in the Lawsuit.

16.     The Association's damages report put the cost to address and repair the defects in the facades of the two buildings as well as all damages caused thereby at approximately $75,000,000.00.

17.     During the relevant time period, Burlington insured CCC Renovation under commercial general liability policies for the periods July 1, 2011 to July 1, 2012, July 1, 2012 to July 1, 2013 and July 1, 2013 to July 1, 2014. Those policies are attached hereto as **Exhibits A, B and C** respectively.

18.     Scottsdale provided excess insurance coverage to CCC Renovation for the periods November, 16, 2012 to July 1, 2013, and July 1, 2013 to July 1, 2014. Those policies are attached hereto as **Exhibits D and E** respectively.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON 08543-5315

19. Despite proper notice of the Lawsuit and tender by CCC Renovation for defense and indemnification, both Burlington and Scottsdale refused to defend or indemnify CCC and issued a coverage declination letter disclaiming coverage.

20. Burlington and Scottsdale knowingly and intentionally did not participate in the defense of the Lawsuit.

21. Trial in the Lawsuit was set by the trial court to begin on September 27, 2018.

22. The proofs in the Lawsuit established that the measure of the Association's damages as a result of the various defendants' negligent construction and oversight related to the exterior facades of the two high rise buildings that comprise the Rialto-Capitol Condominium is approximately $75,000,000.00.

23. CCC Renovation, as one of the façade contractors that worked on both buildings for a period of several years, was responsible for making sure that its work was performed properly and in compliance with applicable drawings, building codes, and industry standards.

24. CCC Renovation was also responsible to ensure that its work was performed in a good and workmanlike manner and free from construction defects.

25. CCC Renovation was negligent in performing its work and responsibilities, and as a result, the Rialto-Capitol Condominium buildings suffered from pervasive construction defects and significant water damages.

26. Days prior to start of the trial, in order to avoid being assessed liability possibly in excess of $10,000,000.00, CCC Renovation reached a settlement agreement with the Association.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON 08543-5315

5

4837-7537-1154, v 1

27.    The Association and CCC Renovation reached a settlement agreement whereby the Association agreed to dismiss its claims against CCC Renovation in exchange for a monetary payment and the entry of a Consent Judgment against CCC Renovation in the amount of $5,000,000.00 for the purpose of pursuing the insurance proceeds from the policies issued by Burlington and Scottsdale.

28.    The Association and CCC Renovation agreed that the evidence that would have been presented to the jury would have resulted in a finding of liability against CCC Renovation in the range of 10-15% of the Association's overall façade damages, resulting in a potential judgment against CCC Renovation in the $7,500,000.00 to $11,250,000.00 range.

29.    CCC agreed to assign to the Association all of its rights to, claims against, and interest in the proceeds of insurance policies issued by Burlington and Scottsdale.

30.    CCC also agreed to assign to the Association any and all claims or causes of action it had against Burlington and Scottsdale.

## COUNT I

## DECLARATORY JUDGMENT

31.    The allegations of paragraphs 1 through 30 above are hereby incorporated by reference as if set forth at length.

32.    Defendants Burlington and Scottsdale issued policies of insurance insuring CCC Renovation as described above.

33.    CCC Renovation properly tendered the defense of the Lawsuit to Burlington and Scottsdale and otherwise complied with all policy prerequisites.

STARK & STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON 08543-5315

6

4837-7537-1154, v. 1

34.     Defendants Burlington and Scottsdale breached their obligations under their insurance policies by refusing to defend and indemnify CCC Renovation in the underlying Lawsuit.

35.     CCC Renovation acted properly in protecting its interests by entering into the afore-described settlement agreement and executing the afore-described Consent Judgment in favor of the Association.

36.     The Association now seeks collection of the $5,000,000.00 Consent Judgment from the proceeds of Burlington's and Scottsdale's policies insuring CCC Renovation.

37.     The purpose of this claim is to have this court confirm insurance coverage in favor of the Association for the $5,000,000.00 Consent Judgment executed by CCC Renovation related to the claims against CCC Renovation in the Lawsuit for damages caused by CCC Renovation's work.

38.     Pursuant to the terms of its respective insurance policies, Burlington and Scottsdale are obligated to pay the $5,000,000.00 Consent Judgment executed by CCC Renovation.

39.     None of the exclusions, endorsements, and limitations contained in the Burlington and Scottsdale policies apply to relieve the carriers of their obligations to pay the $5,000,000.00 Consent Judgment executed by CCC Renovation.

40.     The $5,000,000.00 Consent Judgment executed by CCC Renovation is for damages caused by CCC Renovation that occurred during the time that Burlington's and Scottsdale's policies were in effect.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON 08541-0315

7

41. All conditions precedent, if any, set forth in any or all of the policies issued by Burlington and Scottsdale have been satisfied, waived, or are the subject of an estoppel.

42. An actual controversy exists regarding the obligations of Burlington and Scottsdale to pay the $5,000,000.00 Consent Judgment executed by CCC Renovation.

43. Declaratory relief pursuant to N.J.S.A. 2A:16-50, et. seq., from this court will terminate the disputes between and among the parties.

44. A judicial declaration is necessary to establish the Association's right to payment of the $5,000,000.00 Consent Judgment executed by CCC Renovation under the insurance policies issued by Burlington.and Scottsdale.

**WHEREFORE**, the Rialto-Capitol Condominium Association, Inc. demands judgment:

    a. Declaring and adjudging that the insurance policies sold by Burlington and Scottsdale to CCC Renovation provide insurance coverage for payment of the $5,000,000.00 Consent Judgment executed by CCC Renovation in settlement of the Lawsuit with the Association;

    b. Declaring and adjudging the rights and obligations of the parties under the insurance policies sold by Burlington and Scottsdale with regard to $5,000,000.00 Consent Judgment executed by CCC Renovation;

    c. For costs of suit;

    d. For counsel fees as provided by Rule 4:42-9(a)(6) and otherwise; and

    e. For such other and further relief as the court deems equitable, appropriate and just.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5115
PRINCETON 08543-5115

## COUNT II

## BREACH OF CONTRACT

45.     The allegations of paragraphs 1 through 44 above are hereby incorporated by reference as if set forth at length.

46.     The insurance policies issued by Burlington and Scottsdale to CCC Renovation are binding contracts, supported by consideration.

47.     Burlington's and Scottsdale's denial of a defense and indemnification to CCC Renovation in the underlying Lawsuit was was improper, and amounted to a breach of contract.

48.     CCC Renovation was damaged as a result of such breach and has assigned that claim to the Association.

**WHEREFORE**, the Association hereby demands judgment against Burlington and Scottsdale for damages, together with pre and post-judgment interest, attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## COUNT IIII

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

49.     The allegations of paragraphs 1 through 48 above are hereby incorporated by reference as if set forth at length.

50.     Burlington owed a duty to act in good faith in all of its dealings with CCC Renovation.

51.     At the time Burlington denied coverage to CCC Renovation for both a defense and indemnification of the claims asserted against CCC Renovation in the underlying Lawsuit, there existed no fairly debatable reason to deny coverage.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 113
PRINCETON 08543-0113

9

4837-7537-1154, v. 1

52.    By wrongfully denying coverage to CCC Renovation, Burlington acted in bad faith, thereby causing damage to the CCC Renovation CCC Renovation who has assigned that claim to the Association.

**WHEREFORE**, the Association hereby demands judgment against Burlington for compensatory damages, consequential and incidental damages, and punitive damages, together with pre and post-judgment interest, attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

**STARK & STARK**
A Professional Corporation
Attorneys for Plaintiff

By:_____
JOHN RANDY SAWYER

DATED: April 3, 2019

STARK & STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

MAILING ADDRESS

PO BOX 5315

PRINCETON 08543-5315

10

4827 7537-1154 v 1

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25 4, the Court is advised that John Randy Sawyer, Esquire, is hereby designated as trial counsel for Plaintiff.

**STARK & STARK**
A Professional Corporation
Attorneys for Plaintiff

DATED: April 3, 2019

By:_____
JOHN RANDY SAWYER

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues in accordance with the Rules of the Court.

**STARK & STARK**
A Professional Corporation
Attorneys for Plaintiff

DATED: April 3, 2019

By:_____
JOHN RANDY SAWYER

STARK & STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

MAILING ADDRESS

PO BOX 5315

PRINCETON 08543-5315

11

4837-7537-1154, v. 1

## CERTIFICATION

Pursuant to R. 4:5 1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. No other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties who should be joined in the within action.

**STARK & STARK**
A Professional Corporation
Attorneys for Plaintiff

By:_____

DATED: April 3, 2019                     JOHN RANDY SAWYER

STARK & STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

MAILING ADDRESS

PO BOX 5315

PRINCETON 08543-5315